United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICK PETERSON,

Plaintiff,

v.

THE GLAD PRODUCTS COMPANY, et al.,

Defendants.

Case No. 23-cv-00491-TSH

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 34

## I. INTRODUCTION

Patrick Peterson brings this putative class action against The Glad Products Company and The Clorox Company concerning the labeling on Defendants' Glad® "Recycling" bags. Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), in which Defendants argue Peterson lacks Article III standing to seek injunctive relief. ECF No. 34. Peterson filed an Opposition (ECF No. 39) and Defendants filed a Reply (ECF No. 41). The Court finds this matter suitable for disposition without oral argument and **VACATES** the July 20, 2023 hearing. *See* Civ. L.R. 7-1(b). For the reasons stated below, the Court **DENIES** the motion.[1]

## II. BACKGROUND

Defendants manufacture and sell a line of Glad® trash bags named 'RECYCLING" (the "Products"). First Am. Compl. ("FAC") ¶ 2, ECF No. 21. The Products' front label includes the word "RECYCLING" in all capital letters, next to an image of a blue trash bag. *Id.* ¶ 13. Below the word recycling, the label states "DESIGNED FOR MUNICIPAL USE" and "PLEASE CHECK YOUR LOCAL FACILITIES." *Id.* Peterson alleges Defendants "scheme to defraud

[1] The parties consent to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF Nos. 8, 10.

environmentally conscious consumers” because “virtually all municipalities ban the use of any trash bag for recycling because the bags themselves are made of LDPE plastic film not recyclable anywhere.” *Id.* ¶ 2.

Peterson purchased a package of the Product, specifically Glad Recycling Tall Kitchen Drawstring Blue Bags, 45-count (pictured below), for approximately $15.00 at a retail store in San Francisco in 2022. *Id.* ¶¶ 13, 27.




In making his purchase, he “relied upon the ‘Recycling’ representation on the Product’s front label, as well as the two circling blue arrows, a universally recognized symbol used to identify recyclable goods.” *Id.* ¶ 27. Based on these representations, Peterson believed the Product is recyclable and fit for the purpose of disposing of recyclable waste, and that the statement “Designed for municipal use” indicated that the Products are compatible with municipal recycling programs. *Id.* “In reality, the Products are not recyclable, not fit for the purpose of disposing of recyclable waste, and not accepted for use in recycling programs in virtually any municipality in California and the United States, including the municipality in which Plaintiff resides.” *Id.* After he bought the bags, Peterson independently determined that San Francisco recyclables “must be loose” and “free of a plastic bag liner” to be recycled. *Id.* ¶ 66 (quoting “What Goes Where?”

United States District Court
Northern District of California

RECOLOGY – SAN FRANCISCO, https://www.recology.com/recology-san-francisco/what-goes-where/). Had he "known the Product was not recyclable nor compatible with municipal recycling programs and instead contaminated otherwise recyclable goods, he would not have purchased the Product, or he would have paid significantly less for it." *Id.* ¶ 27. Peterson "is, and continues to be, unable to rely on the truth of the Products' recyclability claims." *Id.*

Peterson filed this case on February 2, 2023, and filed the operative First Amended Complaint on April 19. He seeks to represent two classes defined as

> All residents of the United States who, within the applicable statute of limitations periods, purchased the Products for purposes other than resale ("Nationwide Class"); and
>
> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products for purposes other than resale ("California Subclass").

*Id.* ¶ 134. Peterson brings seven causes of action: (1) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. (on behalf of the California Subclass); (2) violation of California's False Advertising Law, *id.* § 17500, et seq. (on behalf of the California Subclass); (3) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. (on behalf of the California Subclass); (4) breach of warranty (on behalf of the Nationwide and California Subclasses); (5) fraudulent inducement/intentional misrepresentation (on behalf of the Nationwide and California Subclasses); (6) negligent misrepresentation (on behalf of the Nationwide and California Subclasses); and (7) unjust enrichment/restitution (on behalf of the Nationwide and California Subclasses). FAC ¶¶ 145-246. Peterson seeks an order declaring that Defendants' conduct violates these statutes and laws, an order requiring Defendants to cease and desist from selling the Product, an order enjoining the use of "Recycling" representations in connection with the advertising and sale of any "Recycling" bag product, and monetary damages. *Id.*, Prayer for Relief.

Defendants filed the present motion on May 17, 2023, seeking dismissal of Peterson's claim for injunctive claim.[2]

---

[2] As the Court did not consider the materials therein, Defendants' request for judicial notice (ECF No. 35) is **DENIED AS MOOT**.

## III. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction: "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.*; *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a lawsuit for lack of subject matter jurisdiction. Article III of the U.S. Constitution authorizes the judiciary to adjudicate only "cases" and "controversies." The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Thus, "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under [Rule] 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). The "irreducible constitutional minimum" of standing requires that a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). These three elements are referred to as injury-in-fact, causation, and redressability, respectively. *Planned Parenthood of Greater Washington & N. Idaho v. U.S. Dep't of Health & Human Servs.*, 946 F.3d 1100, 1108 (9th Cir. 2020). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element." *Spokeo, Inc.*, 578 U.S. at 338.

## IV. DISCUSSION

Peterson alleges he "intends to purchase the Products again in the future if he can be sure that the Products are made of recyclable material or otherwise compatible with municipal recycling use, as advertised.," but absent injunctive relief, he "cannot now or in the future rely on the representations on the Products' labels because he cannot know whether the recyclability claims remain false, and he may reasonably, but incorrectly, assume the Products were improved

to be recyclable or otherwise compatible with municipal recycling." FAC ¶ 28.

Defendants argue Peterson cannot seek injunctive relief when his complaint "demonstrates that he can readily determine, on his own, whether the bags are accepted at his local recycling facility." Mot. at 1. They argue Peterson fails to explain why he faces any risk of future harm from the statements on the Products' labels because, even if he previously believed the Products were accepted at his local recycling facility, he now knows they are not. *Id.* at 3. Defendants point to Peterson's allegation that "in San Francisco, recyclables 'must be loose, free of a plastic bag liner' to be recycled." *Id.* at 8 (citing FAC ¶ 66). As Peterson himself alleges he can verify whether the Products are appropriate for use as "Recycling" bags, Defendants maintain he "can find that out from the same website" if this policy changes in the future, and his "own allegations thus demonstrate that he already has the ability to determine whether his local recycling facility will accept the Products." *Id.*

In the Ninth Circuit, "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). This harm may be demonstrated in two ways: (1) based on "the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or (2) based on "the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 969-70.

The plaintiff in *Davidson* purchased defendant's flushable wipes but later learned they were not in fact flushable. *Id.* at 961-62. The court held the plaintiff had Article III standing to seek injunctive relief because the plaintiff had "no way of determining whether the representation 'flushable' [was] in fact true" without first purchasing the wipes and therefore a "threatened injury" was still "certainly impending." *Id.* at 972 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S.

398, 410 (2013)). This conclusion was motivated by the court's determination that the plaintiff "face[d] the similar injury of being unable to rely on [defendant's] representations of its product in deciding whether or not she should purchase the product in the future." *Id.* at 971-72 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

Defendants argue that, unlike the plaintiff in *Davidson*, Peterson cannot reasonably claim he has no way of determining whether Defendants' representations are true. Mot. at 8. They note he alleges that the website of San Francisco's recycling program informed him that recyclable waste "must be loose" and "free of a plastic bag liner." *Id.* (quoting FAC ¶ 66). Thus, if this policy changes in the future, such that the Products become "compatible with municipal recycling" in San Francisco, Peterson can find that out from the same website. *Id.*

It is true that courts applying *Davidson* have found that the threat of future harm is not sufficiently imminent where a plaintiff could "easily discover whether a previous misrepresentation had been cured without first buying the product at issue." *See, e.g.*, *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 906–07 (N.D. Cal. 2021) (citation omitted) ("Because Plaintiff knows that he can determine the Products' dosages by consulting the back labels, Plaintiff cannot plausibly allege that he faces a real or immediate threat of similar, future harm"); *Kenney, v. Fruit of the Earth, Inc.*, 2023 WL 3565076, at *2 (S.D. Cal. Apr. 3, 2023) ("Unlike the consumer in *Davidson* who could not tell whether future packages of wipes were truly flushable or not, Kenney does not need the company to change its labeling to learn the truth about the product. She can determine the product's ingredients prior to purchase simply by looking at the back of the bottle[.]"); *Matic v. United States Nutrition, Inc.*, 2019 WL 3084335, at *8 (C.D. Cal. Mar. 27, 2019) (finding plaintiff lacked standing because "he knows precisely where to find" clarifying information on the product label).

However, the *Davidson* Court did not, as Defendants suggest, hold that a plaintiff lacks standing to pursue injunctive relief if they can conduct independent research to determine whether the pertinent facts about the product have changed. Courts reject the notion that "reasonable consumers engage in exhaustive research before purchasing items or [] that the reasonable consumer standard should require purchasers" to do so. *Hernandez v. Radio Sys. Corp.*, 2023 WL

4291829, at *8 (C.D. Cal. May 10, 2023); *see also Sperling v. Stein Mart, Inc.*, 2016 WL 11265686, at *5 (C.D. Cal. Mar. 15, 2016) (distinguishing cases where "the disclosures . . . were present on the same page or packaging and in close proximity to the potentially misleading phrase" and accepting the plaintiff's argument that a reasonable consumer should not "be expected to go online or search in store for a sign that discloses" the defendant's purportedly deceptive pricing policy); *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1097 (N.D. Cal. 2007) ("It is true that prospective purchasers, with access to the Internet, could have read the many complaints about the failed speedometers (as quoted in the complaint). Some may have. Many customers would not have performed an Internet search before beginning a car search. Nor were they required to do so."). Instead, the relevant question is whether Plaintiff can "rely on the product's advertising or labeling in the future." *Davidson*, 889 F.3d at 969.

Peterson alleges that absent injunctive relief, he "cannot now or in the future rely on the representations on the Products' labels because he cannot know whether the recyclability claims remain false, and he may reasonably, but incorrectly, assume the Products were improved to be recyclable or otherwise compatible with municipal recycling." FAC ¶ 28. Because Peterson cannot rely on the Products' labeling in the future, the Court finds he faces a risk of future injury and has standing to pursue injunctive relief. *Davidson*, 889 F.3d at 969; *see also Gagetta v. Walmart, Inc.*, 2022 WL 17812924, at *8 (N.D. Cal. Dec. 19, 2022) (finding the plaintiffs "plead specifically what is required by binding Ninth Circuit authority: that they 'desire to purchase the Products from Defendant' in the future but cannot do so in an informed manner because they cannot rely on the labels going forward"); *Gasser v. Kiss My Face, LLC*, 2018 WL 4847071, at *3 (N.D. Cal. Apr. 4, 2018) (finding allegations sufficiently established standing to pursue injunctive relief because the plaintiffs "shop where Defendant's products are sold; however, as the plaintiff in *Davidson*, given their past experience with Defendant, they cannot rely upon Defendant's labeling"); *Hanscom v. Reynolds Consumer Prod. LLC*, 2022 WL 3549677, at *3 (N.D. Cal. Aug. 18, 2022) ("Plaintiff has plausibly alleged an inability to rely on the truth of the labeling of Defendants' recycling bags despite her desire to purchase truly recyclable bags. Under *Davidson*, this is sufficient to confer standing."); *Maisel v. S.C. Johnson & Son, Inc.*, 2021 WL 1788397, at

United States District Court
Northern District of California

*6 (N.D. Cal. May 5, 2021) (allegations that "Plaintiffs will not purchase the Products until they can rely on the Products' representations" sufficient to establish standing.); *Branca v. Bai Brands, LLC*, 2019 WL 1082562, at *13 (S.D. Cal. Mar. 7, 2019) (finding plaintiff had standing to seek injunctive relief where he pled he "intends to, desires to and will purchase the Product again when he can do so with the assurance that the Product's label . . . is lawful and consistent with the Product's ingredients.") (ellipsis in original).

Defendants also argue Peterson "pivoted to a different theory of deception in his FAC," focusing on the allegation that the bags themselves are not recyclable. Mot. at 8. They argue he can determine whether the bags themselves are recyclable in his locality by consulting the same website Defendants say he referenced to determine whether the municipal use Defendants advertise is prohibited. *Id.* at 9. However, the allegations regarding the non-recyclable nature of the bags themselves appeared in the original complaint as a basis for the deceptive label, and they still appear in the FAC. *Compare* Compl. ¶¶ 46-57, ECF No. 1, *with* FAC ¶¶ 52-63. Regardless, the proper inquiry is whether Peterson can "rely on the product's advertising or labeling in the future," *Davidson*, 889 F.3d at 969, not whether he can refute Defendants' label claims by conducting independent research. As alleged, Peterson will not be able to determine in the future, based on the Products' labeling and absent injunctive relief, whether the Products have been reformulated. FAC ¶¶ 27-28.

Finally, Defendants argue Peterson lacks standing because "no change to the Products' labels could give Plaintiff the information he needs to determine whether the bags are 'fit for municipal use' at his local recycling facility." Mot. at 12. They note they "have no control over whether Plaintiff's municipality accepts the Products, nor can Defendants feasibly keep track of—let alone specify on the Products' labels—which of the thousands of municipalities in the United States accept the bags at any given time, and which do not." *Id.* Peterson counters that "simple label modifications" could prevent the future harm he seeks to avoid, such as requiring Defendants to disclose on the label whether the bags are recyclable or prohibiting Defendants from selling the Products with the current "Designed for Municipal Use" statement in jurisdictions where that is not true. Opp'n at 14-15. Regardless, at the pleading stage, Peterson is not required to allege the

precise nature or language of any prospective injunctive relief. *See Sweet v. Devos*, 2019 WL 5595171, at *8 (N.D. Cal. Oct. 30, 2019). Instead, a plaintiff need only "describe[] the general contours of an injunction" and that the relief sought can be given "greater substance and specificity at an appropriate stage in the litigation through fact-finding, negotiations, and expert testimony." *Parsons v. Ryan*, 754 F.3d 657, 689 n. 35 (9th Cir. 2014); *see also B.K. v. Snyder*, 922 F.3d 957, 972 (9th Cir. 2019) (rejecting the defendant's argument the plaintiffs failed to identify with requisite specificity the injunctive relief sought, finding the defendant's argument "has no basis in existing law," and holding that plaintiffs "do not need to specify the precise injunctive relief they will ultimately seek at the class certification stage"); *Mueller v. Puritan's Pride, Inc.*, 2021 WL 5494254, at *8 (N.D. Cal. Nov. 23, 2021) ("[C]oncerns about the scope of an injunction are premature. There is considerably more to be done in this case, namely trial, before the specific terms of an injunction might warrant debate."); *Perez v. Bath & Body Works, LLC*, 2023 WL 3467207, at *6 (N.D. Cal. May 15, 2023) ("The Court agrees that it is premature to dismiss the request for injunctive relief based upon the language in the Prayer for Relief. At the conclusion of the case, if Plaintiff is entitled to injunctive relief, the Court is required to fashion an appropriate injunction at that time. It is not restricted to the exact language requested in the operative complaint. Therefore, it would be premature to dismiss the claim for injunctive relief based on the language in the SAC."). Accordingly, the Court finds it premature to dismiss Peterson's claim for injunctive relief based on the exact language in his Prayer for Relief.

In sum, the Court concludes Peterson has established standing to seek injunctive relief.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: July 17, 2023

THOMAS S. HIXSON
United States Magistrate Judge